UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLIANCE OF NONPROFITS FOR INSURANCE, RISK RETENTION GROUP,<br><br>Plaintiff,<br><br>v.<br><br>BRETT J. BARRATT, et al.,<br><br>Defendants. | 2:10-CV-1749 JCM (RJJ) |

**ORDER**

Presently before the court is defendants Brett J. Barratt, Commissioner of Insurance of the State of Nevada (hereinafter "commissioner"), the Department of Business and Industry Division of Insurance, and the State of Nevada's motion for reconsideration. (Doc. #44). Plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group (hereinafter "Alliance") filed a non-opposition to the motion. (Doc. #45).

On March 21, 2011, plaintiff filed a motion for leave to file a supplement to its reply in support of its summary judgment motion. (Doc. #41). Since the motion was labeled "motion for leave," the motion was ripe on March 21, 2011, as evidenced by the docket (doc. #41). In an effort to manage its docket and to promote judicial efficiency, the court addressed the motion (doc. #41) on the day it became ripe. However, after the court ruled on the motion, but prior to the order being docketed by the clerk, defendants filed an opposition to the motion (doc. #42).

Subsequently, the court's order granting the plaintiff's motion was filed by the clerk. (Doc.

**James C. Mahan**
**U.S. District Judge**

#43). Since the order made no mention of the defendants' opposition (doc. #42), yet was docketed *after* the opposition was filed, defendants filed the present motion for reconsideration (doc. #44).

**Motion For Reconsideration**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

In the defendants' motion for reconsideration (doc. #44), they assert that the court should reconsider granting the plaintiff's request to file a supplement, because it did not consider the defendants' opposition (doc. #42) before ruling on the motion. Plaintiff filed a non-opposition (doc. #45), and stated that it did not oppose the reconsideration if it were able to file a reply in support of its motion to file a supplement.

The court has not been presented with any newly discovered evidence or controlling law, and did not commit clear error, as it ruled on the motion upon it becoming ripe. *Id.* However, as it is always the court's goal to be fully informed on any issue, the court will allow the filing of the reply and will consider all of the submitted pleadings in making its ruling.

**Motion To File Supplement**

As previously stated in the original order (doc. #43), the plaintiff's complaint (doc. #1) stems from a cease and desist order issued by the commissioner, that ordered plaintiff to stop writing first dollar automobile liability insurance in Nevada. The cease and desist order stated that Alliance "is not an authorized insurer as defined by NRS 679A.030 since it does not hold a certificate of authority as a foreign domiciled [risk retention group]" and "...cannot participate in the [Nevada Insurance Guaranty Association]."

Plaintiff argues that the commissioner's interpretation and application of Nevada law as set forth in the cease and desist order violates the Liability Retention Act of 1986, 15 U.S.C. § § 3901-3906, "in that it impermissibly discriminates against foreign [r]isk [r]etention [g]roups." Plaintiff asserts that the commissioner violated the law in concluding that in order to first write dollar liability

James C. Mahan
U.S. District Judge

- 2 -

1  insurance, the insurer must have a certificate of authority and be a member of the Nevada Insurance
2  Guaranty Association, when in fact risk retention groups are *excluded* from joining and/or
3  contributing to state insurance guaranty associations like the Nevada Insurance Guaranty
4  Association.

5  Plaintiff argues that despite the plain language of the cease and desist order, defendants assert
6  in their motion for summary judgment that risk retention groups "do not need to be members of
7  [Nevada Insurance Guaranty Association] in order to obtain a certificate of authority and thereby
8  write first dollar motor vehicle liability coverage."

9  In the present motion for leave to file a supplement (doc. #41), plaintiff asks this court to
10  grant it leave to file an article (doc. #41- Exhibit A) written by the commissioner, where he states
11  the reasons why foreign risk retention groups cannot write first dollar automobile insurance in
12  Nevada. Plaintiff asserts that this article relates to this case because it "unambiguously
13  demonstrate[s] the ...clear position that foreign [risk retention groups] cannot write first dollar
14  automobile liability insurance in Nevada because they cannot join [Nevada Insurance Guaranty
15  Association]." Further, plaintiff asserts that it had no opportunity to include the article as an exhibit
16  to its reply, because it was not published until seven days after the reply deadline passed.

17  Under Federal Rule of Civil Procedure 15(d), a party may supplement a prior pleading with
18  "any transaction, occurrence, or event that *happened after* the date of the pleading." (Emphasis
19  added). Here, plaintiff filed its reply brief on March 11, 2011. (Doc. #40). Subsequently, on March
20  18, 2011, *after* the filing of the pleading, plaintiff became aware of the commissioner's article
21  published in the Insurance Journal (doc. #41- Exhibit A).

22  In defendants' opposition (doc. #42), they assert that the article is "irrelevant as to any of the
23  issues before the [c]ourt," and is therefore inadmissible. Alternatively, defendants assert that in the
24  event the court is inclined to allow plaintiff to file the article, it submitted Exhibit A, the affidavit
25  of the commissioner, to "unequivocally rebut any inferences asserted by the [p]laintiff," and to
26  "clarify any ambiguities." (Doc. #42).

27  In the affidavit (doc. #42 Exhibit A), the commissioner asserts that his "[o]rders and various
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   statements...have been misinterpreted." Further, he reasserts defendants' position in the case and
2   states that "nothing in [his] [o]rders should be interpreted as prohibiting a Risk Retention Group
3   from qualifying as an 'authorized user'...if it has obtained a certificate of authority in Nevada as set
4   forth in NRS 695 E and NRS Chapter 694C." *Id.* More specifically, he asserts that "nothing in [his]
5   orders should be interpreted as precluding [Alliance] from writing first dollar motor vehicle liability
6   coverage due to the fact that it is not a 'member insurer' of the Nevada Insurance Guaranty
7   Association." *Id.*

8   Further, defendants assert in their opposition (doc. #42) that since the article purports to
9   quote statements made by the commissioner, it is hearsay and inadmissible. *See Larex v. City of Los*
10  *Angeles,* 946 F.2d 630 (9th Cir. 1991); *See also American Civil Liberties Union of Nevada v. City*
11  *of Las Vegas,* 13 F. Supp. 2d 1064, 1070 (1998). Defendants proceed to assert that the article is
12  irrelevant, and then argue that plaintiff should have pursued a judicial review of the cease and desist
13  order, and that *Nat'l Warranty Ins. Co. RRG v. Greenfield,* 214 F.3d 1073, 1077 (9th Cir. 2000) is
14  distinguishable. (Doc. #42). However, the court does not find these arguments relevant to the issue
15  of whether the article may be submitted to the court to support plaintiff's position.

16  In the plaintiff's reply in support of its motion (doc. #46), it rebuts the defendants' legal
17  arguments about the *Nat'l Warranty* case, and provides support for its position that the interpretation
18  and application of the laws by the commissioner was discriminatory. Further, plaintiff asserts that
19  the defendants are attempting to file a sur-reply when they addressed *Nat'l Warranty* in their
20  opposition (doc. #42)*,* as that was beyond the scope of the motion (doc. #41). This court agrees with
21  the plaintiff that these arguments serve no other purpose than "to provide [d]efendants with an
22  additional opportunity to argue their opposition" and do not address the motion to file the article
23  (doc. #41).

24  Additionally, plaintiff asserts that the commissioner's affidavit should be stricken, as
25  defendants did not seek leave to file the supplement, and its contents address the cease and desist
26  order that occurred *prior* to the date of the initial pleading. *Id.* The court acknowledges that
27  defendants did not seek leave, but recognizes that the affidavit does address the alleged
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  "misinterpretations" of his statements, i.e. the statements in the article. As the article is the topic of
2  the motion to file the supplement (doc. #41), the affidavit is permitted to support the defendants'
3  opposition.
4        Upon the court's review of the article (doc. #41 Exhibit A), it appears that it is an article
5  written regarding the present case, and quotes the commissioner as saying "[f]oreign [Risk Retention
6  Groups] don't have certificate of authority; they have a certificate of registration," and that his
7  department "didn't provide a list of those that have a certificate of registration — only certificates
8  of authority." Further, the article states that the department "then asked [Risk Retention Groups] like
9  [Alliance] writing first dollar coverage to cease."
10       The court does not find that these statements are irrelevant to the issue at hand, as they are
11 directly related to the issues in the motions for summary judgment (doc. #21 and #22). As the
12 defendants have submitted the affidavit of the commissioner (doc. #42 Exhibit A) to support their
13 position that the statements are misinterpreted, the admission of the article is not unfairly prejudicial
14 to the defendants. Further, as the article is not being offered to prove the truth of the matters asserted,
15 it is not hearsay. Federal Rule of Evidence 801. Any issue regarding the article goes more to its
16 weight than its admissibility.
17       In light of the fact that the article was not published until after the reply was submitted, and
18 upon determination of the relevance and non-prejudicial nature of the article, this court is inclined
19 to grant the plaintiff leave to file the article as an exhibit to its reply.
20       Accordingly,
21       IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants' motion for
22 reconsideration (doc. #44) be, and the same hereby is, GRANTED.
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group's motion for leave to file a supplement to its reply (doc. #41), be and the same hereby is, GRANTED.

DATED April 18, 2011.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE