**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLIANCE OF NONPROFITS FOR INSURANCE, RISK RETENTION GROUP, <br><br>            Plaintiff, <br><br> v. <br><br> BRETT J. BARRATT, et al., <br><br>            Defendants. | 2:10-CV-1749 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group's motion for attorneys' fees and costs. (Doc. #60). Defendants Barratt, et. al. filed an opposition. (Doc. #63). Plaintiff then filed a reply and an errata to the reply. (Docs. #65 and #66).

The court issued an order on July 22, 2011, granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment. (Doc. #52). In the order, the court expressly held that "plaintiff is entitled to an award of attorney fees under 42 U.S.C. § 1988 to be set pursuant to FRCP 54." (Doc. #52). Defendants filed a notice of appeal of the court's order on July 29, 2011. (Doc. #55). Plaintiff then filed the instant motion for attorneys' fees on August 5, 2011.

Pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2), plaintiff moves this court to award $127,828.00 in attorneys' fees and $4,643.41 in costs. Defendants oppose this motion on multiple grounds. Defendants first argue that this court is without jurisdiction to award

**James C. Mahan**
**U.S. District Judge**

1   attorneys' fees.  Defendants additionally argue that an award of attorneys' fees in this case is

2   improper because: (1) the court's order depended on the Supremacy Clause, (2) the court cannot

3   award attorneys' fees under 42 U.S.C. §§ 1983 and 1988 against a judicial officer, and (3) *amici* are

4   not entitled to attorneys' fees.  The court will address each of these issues in turn.

5                                              **Jurisdiction**

6        Ninth Circuit case law clearly establishes that a district court retains jurisdiction to rule upon

7   a request for attorneys' fees even if a notice of appeal has been filed.  *Masalosalo v. Stonewall Ins.*

8   *Co*., 718 F.2d 955, 956-57 (9th Cir. 1983).  Here, however, defendants argue that the court has been

9   divested of jurisdiction to award attorneys' fees because defendants have appealed the entirety of the

10  court's July 22, 2011, order.  (Doc. #52).  In other words, defendants argue that because the court's

11  order included a statement that plaintiff was entitled to an award of attorneys' fees – without stating

12  a definite amount – the court was subsequently divested of jurisdiction to award attorneys' fees when

13  defendants filed a notice of appeal of that order.

14       In support of their argument, defendants cite an unpublished memorandum opinion from the

15  Ninth Circuit, *Greenburg v. Roberts Properties, Ltd.*, 246 Fed. Appx. 500 (9th Cir. 2007).  This case

16  does not persuasively support defendants' argument.  In *Greenburg*, the Ninth Circuit stated that an

17  award of attorneys' fees was not collateral to the appeal because "the request for attorneys' fees was

18  fully resolved and the judgment awarding an amount of attorneys' fees was entered prior to the filing

19  of a notice of appeal." *Greenburg*, 246 Fed. Appx. at **1.  Thus, the appellate court had jurisdiction

20  to review the award of attorneys' fees simultaneously with its review of the underlying action.  *See*

21  *id.*

22       In the instant case, plaintiff's request for attorneys' fees has not been fully resolved and the

23  court has never awarded a specific amount of attorneys' fees.  The court has not issued a final,

24  appealable order on the subject of attorneys' fees.  *See* 28 U.S.C. § 1291; *Jensen Elec. Co. v. Moore,*

25  *Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989) (stating that "[a]n order

26  awarding attorney's fees which does not fully dispose of the issue of attorney's fees is not a final,

27  appealable order"); *see also Lopez v. Diversified Collection Services, Inc.*, 199 F.3d 1332, at *1 (9th

28

1   Cir. 1999) (unpublished decision) (finding that an "order stating that attorney's fees will be awarded

2   is not [a final] order").  Accordingly, the "attorney's fees request[ is] collateral to the main action

3   . . . ," *Greenberg*, 246 Fed. Appx. 500, at *1 (quoting *International Ass'n of Bridge, Structural,*

4   *Ornamental, and Reinforcing Ironworker's Local 75 v. Madison Industries, Inc.*, 733 F.2d 656, 659

5   (9th Cir. 1984)), and this court has jurisdiction over the instant motion.

6                                     **Attorneys' Fees**

7   **I.      Defendants impermissibly are attempting to relitigate the court's final 42 U.S.C. §**

8   **1983 holding**

9          Defendants oppose plaintiff's requested attorneys' fees on two grounds: (1) preemption of

10  state law under the Supremacy Clause does not give rise to a cognizable claim under 42 U.S.C. §

11  1983, and (2) attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 are improper against a

12  judicial officer.  (Doc. #63).

13         These two arguments do not address the merits of awarding discretionary attorneys' fees

14  pursuant to 42 U.S.C. § 1988.  Instead, by raising these two defenses against attorneys' fees,

15  defendants are attacking the underlying final 42 U.S.C. § 1983 holding.  (*See* Doc. #52) (stating

16  "plaintiff is entitled to a remedy under 42 U.S.C. § 1983").  These arguments are not

17  procedurally proper because defendants' notice of appeal has divested this court of jurisdiction

18  over its final § 1983 holding.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58

19  (1982).  Thus, at this late point in the litigation, defendants cannot relitigate the prior § 1983

20  holding before this court.

21         Nevertheless, as stated above, this court retains jurisdiction over the attorneys' fees award

22  because the order granting attorneys' fees was not a final, appealable order.  Plaintiff was still

23  required to make an application for attorneys' fees pursuant to Federal Rule of Civil Procedure

24  54 and Nevada Local Rule 54-16.  Therefore, the court's prior order stating plaintiff was entitled

25  to attorneys' fees was not an order which "fully dispose[d] of the issue of attorney's fees" and

26  was not an appealable order.  *See Jensen Elec. Co.*, 873 F.2d at 1329.

27

28

**James C. Mahan**
**U.S. District Judge**

1    **II.    Attorneys' fees for *amici***

2           The court's July 22, 2011, order stated that "*plaintiff* is entitled . . . to an award of

3    attorney fees under 42 U.S.C. § 1988."  (Doc. #52, emphasis added).  However, the instant

4    motion asks for more than attorneys' fees for the plaintiff; the motion requests $44,255.50 in

5    attorneys' fees for the *amicus curiae*.

6           Defendants object to plaintiff's request for attorneys' fees for the *amicus curiae*.

7    Defendants state that *amici* are not entitled to attorneys' fees.  Specifically, defendants assert that

8    both Ninth Circuit case law and the express language of 42 U.S.C. § 1988 indicate that *amici* are

9    not eligible for attorneys' fees.  (Doc. #63) (citing 42 U.S.C. § 1988; *Miller-Wohl Co., Inc. v.*

10   *Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)).  In reply, plaintiff asserts that

11   *Miller-Wohl* has been vacated by the Supreme Court and is no longer good law.  Instead, plaintiff

12   cites a Southern District of New York case for the proposition that *amici* can receive attorneys'

13   fees.  (Doc. #65) (citing *Russell v. The Bd. of Plumbing Exam.*, 74 F. Supp 2d 349 (S.D.N.Y

14   1999)).

15          Plaintiff correctly notes that the *Miller-Wohl* decision was vacated by the Supreme Court.

16   *See Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus.*, 479 U.S. 1050 (1987).  However, the

17   proposition underlying the Ninth Circuit's *Miller-Wohl* decision – that *amici* are not eligible for

18   attorneys' fees – has remained good law.  *See, e.g.*, *United States v. City of Los Angeles*, 82 Fed.

19   Appx. 585 (9th Cir. 2003); *GST Tuscon Lightwave, Inc. v. City of Tuscon*, 134 F.3d 377 (9th Cir.

20   1998) (unpublished decision).  Accordingly, the court declines to award *amici* attorneys' fees.

21   **III.    Calculation of Relief**

22          Under 42 U.S.C. § 1988, a prevailing party "should ordinarily recover an attorney's fee

23   unless special circumstances would render such an award unjust."  *Ackerley Communications,*

24   *Inc. v. City of Salem, Or.*, 752 F.2d 1394, 1396 (9th Cir. 1985) (quoting *Newman v. Piggie Park*

25   *Enterprises Inc.*, 390 U.S. 400, 402 (1968)).  Here, the court has already determined that

26   discretionary attorneys' fees pursuant to § 1988 are proper.  (*See* Doc. #52) (holding plaintiff "is

27   entitled to an award of attorney fees under 42 U.S.C. § 1988").  Further, defendants' brief has

28

**James C. Mahan**
**U.S. District Judge**

completely failed to address the court's discretionary power to award attorneys' fees pursuant to § 1988, instead focusing on procedurally improper arguments attacking the court's § 1983 ruling. Thus, in the instant motion, the only issue properly before the court is the amount of attorneys' fees.

As stated above, plaintiff moves this court to award $127,828.00 in attorneys' fees and $4,643.41 in costs. (Doc. #60). The court has already determined that it will not award $44,255.50 in requested fees for the *amici*. Therefore, the court must determine if the remaining $88,215.91 in requested fees and costs is reasonable and if plaintiff's motion conforms to the applicable rules for attorneys' fees.

According to Local Rule 54-16, a party requesting attorneys' fees must file a motion demonstrating the reasonableness of the award, an itemization and description of the work performed, an itemization of all costs, and an attorney affidavit. Plaintiff has complied with the requirements of the local rules, warranting an award of attorneys' fees and costs.

First, plaintiff attached two attorney affidavits to the motion for attorneys' fees. The affidavits assert that Kimberly Maxson-Rushton and Robert Myers, Jr. have reviewed the proposed fees and costs and have determined that they are reasonable. (*See* Doc. #60). Second, plaintiff provided the court with records that itemize and describe the work performed by the attorneys. (*See* Doc. #60, Exs. #3 and #4).

Upon reviewing the fees sought and determining their reasonableness, the court is inclined to grant attorneys' fees and costs, minus the requested amount for the *amici*'s fees and costs.

Accordingly,

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group's motion for attorneys' fees and costs (doc. #60) be, and the same hereby is, GRANTED in part and DENIED in part.  Plaintiff is awarded $88,215.91 in attorneys' fees and costs.

DATED November 2, 2011.


**UNITED STATES DISTRICT JUDGE**