# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| ALLIANCE OF NONPROFITS FOR INSURANCE, RISK RETENTION GROUP,<br><br>Plaintiff,<br><br>v.<br><br>BRETT J. BARRATT, et al.,<br><br>Defendants. | 2:10-CV-1749 JCM (RJJ) |
|---|---|

## ORDER

Presently before the court is defendants' motion to stay pending appeal. (Doc. #71). Plaintiff filed an opposition to defendants' motion (doc. # 75) and defendants filed a reply (doc. # 76). The motion requests the court to stay its July 22, 2011, (doc. # 52) and November 2, 2011, (doc. # 69) orders awarding attorney's fees and costs for $88,215.91 pending appeal of this matter to the Ninth Circuit. (Doc. # 71, 5:5-7).

**I.   Factual Background**

On October 8, 2010, plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group filed this action seeking declaratory and injunctive relief from an administrative order issued by defendants Brett Barratt, Commissioner of Insurance for the State of Nevada ("commissioner"); Department of Business and Industry, Division of Insurance ("department"); and the State of Nevada. (Doc. #1). On July 22, 2011, the court granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment. (Doc. # 52). On July 29, 2011, defendants timely

**James C. Mahan**
**U.S. District Judge**

appealed this court's July 22, 2011, order. (Doc. #55).

On August 5, 2011, plaintiff timely filed a motion for attorney's fees and costs. (Doc. #60). Defendants filed an opposition (doc. #63) and plaintiff filed a reply (doc. # 65). On November 2, 2011, this court issued an order awarding plaintiff $88,215.91 in attorney's fees and judgment was entered. (Doc. # 69, 70). On November 22, 2011, defendants filed a motion to stay pending appeal (doc. # 71) and on November 30, 2011, defendants filed a notice of appeal of the court's award of attorney's fees (doc. # 72).

**II.     Discussion**

   A.     Legal Standard

Federal Rule of Appellate Procedure 8 sets forth the procedure for requesting a stay of a district court's order pending appeal. The rule requires that the moving party requesting to stay an order or judgment to file a motion in district court. FED. R. APP. P. 8(a)(1)(A).

"The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.3d 1432, 1435 (9th Cir. 1983), s*ee also Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980). In the Ninth Circuit, there are two tests to determine whether the issuance of a preliminary injunction is necessary. *Lopez*, 713 F.3d at 1435. Under the first test, a moving party must show a probability of success on the merits and the possibility of irreparable injury. *Id. See also Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). Under the second test, a moving party must show "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

   B.     Analysis

        1.     *Defendants Do Not Satisfy Either Test to Permit a Stay*

              a. *Defendants did not Show a Probability of Success on the Merits or a Possibility of Irreparable Injury*

Under the first test, defendants fail to sufficiently establish a probability of success on the merits and a possibility of irreparable injury. *Lopez*, 713 F.3d at 1435. Under the first prong, defendants argue that the § 1983 cause of action is "based on preemption of state law rooted in the powers conferring function of the Supremacy Clause." (Doc. # 71, 3:26-4:2). Defendants rely on

1    *White Mountain Apache Tribe v. Williams*, 810 F.2d 844 (9th Cir. 1987), to argue that "preemption
2    of state law under the Supremacy Clause—at least if based on federal occupation of the field or
3    conflict with federal goals—will not support an action under § 1983, and will not, therefore, support
4    a claim of attorney's fees under § 1988." *Id.* at 850.

5        However, defendants' argument fails to acknowledge that plaintiff's § 1983 claim was based
6    on a violation of a federal law, the Liability Risk Retention Act ("LRRA") 15 U.S.C. §§ 3901-3906,
7    and not on a violation of the supremacy clause. "The LRRA unambiguously creates an enforceable
8    right" and Congress has not specifically foreclosed a § 1983 remedy. *Nat'l Warranty Ins. Co. v.
9    Greenfield*, 24 F.Supp.2d 1096, 1110 (9th Cir. 1998). Thus, § 1983 allows for a federal remedy in
10   this case and defendants have not shown a likelihood of succeeding on this argument on appeal.

11       Further, defendants' reliance on *White Mountain* is misplaced. In that case there was no direct
12   violation of a federal law; whereas here, there was an actual conflict between Nevada state law and
13   the LRRA. Because defendants failed to establish that there is a probability of success on the merits,
14   the first prong of the first test, it is not necessary to evaluate the second prong; however, in fairness,
15   the court will evaluate the second prong.

16       Under the second prong, defendants fail to establish that the nonpayment of attorney's fees
17   will not irreparably injure plaintiff or will affirmatively irreparably injure defendants. Defendants
18   argue that since Nevada is sovereign, it "will always be here to collect from" (doc. # 71, 4:12);
19   however, this assertion overlooks the harm to plaintiff of nonpayment of fees during the pendency
20   of the appeal. Inability to collect an attorney's fee award for over a year is sufficient to establish
21   irreparable injury in this case. Further, defendants argue that the payment of plaintiff's attorney's fees
22   will cost "the taxpayers over $88,000 at the time the state of Nevada is in a severe budget crisis,"
23   (doc. # 71, 4:22-23); however, this expenditure by the state does not equate to the level of harm
24   sufficient to warrant a stay under this test. Especially since defendants argue that the attorney's fee
25   judgment "will indisputably be paid with interest to Plaintiff if they prevail" (doc. # 71, 4:23-24),
26   it is apparent that defendants will not be irreparably injured by making this payment.

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

Thus, defendants have failed to satisfy both prongs of this test and a stay will not be granted on this ground.

        b.      *Defendants did not Show that there are Serious Legal Questions Raised and that the Balance of Hardships Tips Sharply in Their Favor*

Under the second test, defendants fail to show that there are serious legal questions raised and that the balance of hardships tips sharply in their favor. *Lopez*, 713 F.3d at 1435. Defendants claim that because there is a circuit split "on one of the central issues in this case, which the Appellate Court will presumably address" there is a serious legal issue that exists. (Doc. # 71 4:19-20). But defendants fail to identify which "central issue" is a "serious legal issue." If this issue is the statutory construction of 15 U.S.C. § 3905(d), the Ninth Circuit has rejected the statutory construction given by other circuits, *see Nat'l Warranty*, 24 F.Supp.2d at 1109, leaving the law settled in this circuit. Thus, defendants have not shown that there are serious legal questions raised.

Defendants also argue there is no guarantee that if the defendants are successful on their appeal that they will be able to recover the award paid to plaintiff (doc. # 71, 4:22); for this reason, the court considers a supersedeas bond in lieu of payment of attorney's fees directly to plaintiff.

    2.    *Posting a Supersedeas Bond*

Federal Rule of Appellate Procedure Rule 8(a)(1)(B) permits a stay in district court pending appeal upon approval of a supersedeas bond. FED. R. APP. P. 8(a)(1)(B). Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay by posting a supersedeas bond. FED. R. CIV. P. 62(d). Appellant may post the bond upon or after filing of a notice of appeal and the stay takes effect when the court approves the bond. *Id.* A supersedeas bond is meant "[t]o protect the winner from the risk that the loser will not have money if and when the judgment is affirmed . . ." *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1085 (9th Cir. 2009). While Rule 62 waives the bond requirement for the United States, its officer, or its agencies, FED. R. CIV. P. 62(e); *Hoban v. Wash. Metro. Area Transit Auth*., 841 F.3d 1157, 1159 (D.C. Cir. 1988); *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986), it contains no express waiver for the states or their subdivisions, *see* FED. R. CIV. P. 62; *see also Leuzinger v. County of Lake*, 253 F.R.D. 469, 473 (N.D. Cal. 2008).

James C. Mahan
U.S. District Judge

- 4 -

Although the court is assured that defendants will remain solvent and able to pay the attorney's fee judgment throughout the appeal process, the court considers this judgment alternative to alleviate defendants' concern that plaintiff may be unable to repay the judgment if defendants prevail on appeal. With a supersedeas bond, as plaintiff suggests, plaintiff's interest is amply protected; further, defendants will not suffer hardship based upon plaintiff's financial condition if defendants are successful on appeal.

**III.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to stay pending appeal is GRANTED and defendant is ordered to post a supersedeas bond for the amount of the judgment ($88,215.91), plus 10% interest. The stay will become effective upon the court's approval of the bond.

DATED August 16, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**