UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLIANCE OF NONPROFITS FOR
INSURANCE, RISK RETENTION
GROUP,

        Plaintiff,

v.

BRETT J. BARRATT, et al.,

        Defendants.

2:10-CV-1749 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group's motion for civil contempt. (Doc. # 80). Defendants Brett Barratt, Commissioner of Insurance for the State of Nevada ("commissioner"); Department of Business and Industry, Division of Insurance ("department"); and the State of Nevada filed an opposition. (Doc. # 84).

Also before the court is defendants' motion to approve bond. (Doc. # 81). Defendants then made two supplemental filings to the motion (Docs. # 82 & # 85).

**I.    Factual Background**

On October 8, 2010, plaintiff filed this action seeking declaratory and injunctive relief from an administrative order issued by defendants. (Doc. #1). On July 22, 2011, the court granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment. (Doc. # 52). On July 29, 2011, defendants timely appealed this court's July 22, 2011, order. (Doc. #55).

**James C. Mahan**
**U.S. District Judge**

On August 5, 2011, plaintiff timely filed a motion for attorney's fees and costs. (Doc. #60). Defendants filed an opposition (doc. #63) and plaintiff filed a reply (doc. # 65). On November 2, 2011, this court issued an order awarding plaintiff $88,215.91 in attorney's fees and judgment was entered. (Docs. # 69, 70). On November 22, 2011, defendants filed a motion to stay pending appeal (doc. # 71) and on November 30, 2011, defendants filed a notice of appeal of the court's award of attorney's fees (doc. # 72).

The court granted defendants' motion to stay pending appeal. (Doc. # 79). Defendants were ordered to post a supersedeas bond for the amount of the judgment ($88,215.91), plus 10% interest. The stay would become effective upon the court's approval of the bond.

Plaintiff then filed the instant motion requesting this court to issue an order holding defendants in civil contempt for failure to comply with this court's order. (Doc. # 80). Subsequent to plaintiff's motion, defendants filed the supersedeas bond with the court.

**II.     Discussion**

    **A.     Motion for civil contempt (doc. # 80)**

District courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Stone v. City & County of San Francisco*, 968 F.2d 850 (9th Cir. 1992). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The violation must be proven by clear and convening evidence and a court should not hold a person in contempt if the person's action "'appears to be based on a good faith and reasonable interpretation of the [court's order].'" *Id.* (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir.1982)) (edit in original).

A "district court has wide latitude in determining whether there has been a contemptuous defiance of its order." *Stone*, 968 F.2d at 856 (citation omitted). Once the moving party has demonstrated by clear and convincing evidence that the alleged contemnor violated "a specific and definite order of the court," the burden then shifts to the opposing party to demonstrate that

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  "they took every reasonable step to comply." *Id.* The contempt "need not be willful, and there is
2  no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck Video*
3  *Cassette Recorder Antitrust Litig.*, 10 F.3d at 695.
4      Here, the court's order did not provide a date by which the bond must be posted. Thus,
5  the court's order was not "specific and definite," *Stone*, 968 F.2d at 856, in terms of when
6  defendants were required to post the supersedeas bond. Further, the court does not find that
7  defendants' posting of a substantial bond within 50 days of this court's order to be disobedient.
8      Having not met their initial burden by clear and convincing evidence, plaintiff's motion to
9  hold defendants in civil contempt is denied.

**B.  Motion to approve bond (doc. # 81)**

Defendants filed a motion to approve the supersedeas bond on appeal. (Doc. # 81). Having reviewed the total amount of the bond and having taken notice that the bond is signed by the necessary parties, the court grants defendants' motion. (*See* doc. # 82-1).

**III.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group's motion for civil contempt (doc. # 80) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants Brett Barratt, Commissioner of Insurance for the State of Nevada; Department of Business and Industry, Division of Insurance; and the State of Nevada's motion to approve bond (doc. # 81) be, and the same hereby is, GRANTED. The stay is effective upon entry of this order.

DATED January 15, 2013.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -