# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLIANCE OF NONPROFITS FOR INSURANCE, RISK RETENTION GROUP,<br><br>        Plaintiff,<br><br>v.<br><br>BRETT J. BARRATT, et al.,<br><br>        Defendants. | 2:10-CV-1749 JCM (RJJ) |

## ORDER

Presently before the court is plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group's motion for necessary and proper relief pursuant to 28 U.S.C. § 2202. (Doc. # 90). Defendants Brett H. Barratt, Commissioner of Insurance for the State of Nevada ("commissioner"); Department of Business and Industry, Division of Insurance ("division of insurance"); and the State of Nevada filed a response. (Doc. # 95). Plaintiff replied. (Doc. # 96).

**I.**  **Factual Background**

In 2001, plaintiff, a risk retention group ("RRG"), registered with the division of insurance to transact libiality insruance in Nevada. By registering with the department, plaintiff obtained a certificate of registration; however, the department did not issue plainitff a certificate of *authority*. Because of this classification, in April 2010, the Nevada Department of Motor Vechicles ("DMV") began denying vehicle registrations to vehicle owners who obtained their first dollar poicies from plaintiff.

**James C. Mahan**
**U.S. District Judge**

1    In May 2010, plaintiff then sought a hearing before the commissioner. Following the hearing, the commissioner issued an order prohibiting plainitff from writing first dollar liability policies in Nevada.

    On October 8, 2010, plaintiff filed this action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief from this administrative order. (Doc. # 1). On July 22, 2011, the court entered a declaratory judgment that the commissioner's cease and desist order violated the LRRA and was therefore preempted. (Doc. # 52). Defendants timely appealed this court's order. (Doc. # 55).

    On August 5, 2011, plaintiff filed a motion for attorneys' fees and costs. (Doc. # 60). This court awarded plaintiff $88,215.91 in attorneys' fees and costs and judgment was entered. (Docs. # 69, 70). Defendants timely appealed this court's award of attorneys' fees. (Doc. # 72).

    On April 8, 2013, the Ninth Circuit filed its opinion affirming in part and vacating in part this court's order. (Doc. # 89; *see also Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316 (9th Cir. 2013)). The Ninth Circuit affirmed this court's entry of declaratory and injunctive relief, holding that the anti-discrimination provisions of the Liability Risk Retention Act ("LRRA"), 15 U.S.C. § 3901, *et seq.*, preempted defendants' administrative order. The Ninth Circuit vacated this court's award of attorneys' fees on the basis that plaintiffs lacked an enforceable right under 42 U.S.C § 1983, and therefore were not entitled to attorneys' fees as a prevailing party under 42 U.S.C. § 1988. The Ninth Circuit remanded the case for further proceedings consistent with the opinion.

    Upon remand, this court issued an order on mandate (doc. # 93) and exonerated a bond filed by defendants for security of the attorneys' fee award (doc. # 98). Plaintiff subsequently filed the instant motion seeking damages, including lost profits, loss of good will/business reputation, lost business opportunities, and attorneys' fees pursuant to 28 U.S.C. § 2202. (Doc. # 90).

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

## II. Legal Standard

The Declaratory Judgment Act provides:

> Further necessary or proper relief based on a declaratory judgment or degree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. § 2202.

## III. Discussion

Plaintiff specifically requests attorneys' fees in the amount of $87,392.00 and damages in the amount of $473,154.00; totaling $560,546.00.[1]

### A. Attorneys' fees

As an initial matter, the Ninth Circuit vacated this court's previous award of attorneys' fees, holding that the LRRA did not "unambiguously confer a right to be free from state law that can be enforced under 42 U.S.C. § 1983." *Alliance of Nonprofits for Ins.*, 712 F.3d 1316. And "[a]s a result, the instant litigation ceases to be an 'action . . . to enforce a provision of [§ 1983],' eliminating the statutory basis for an award of attorneys' fees." *Id.* (citing 42 U.S.C. § 1988) (edit in original). Thus, as to attorneys' fees award, the Ninth Circuit held that the statutory basis of the fees award, § 1988, was not proper. The court of appeals did not, however, foreclose plaintiff's ability to seek an award of attorneys' fees under other authority. Therefore, the court has jurisdiction to consider the present request.

Plaintiff's request for attorneys' fees is based on the court's inherent power.

#### 1. Legal standard

Federal courts have the inherent power to punish conduct which abuses the judicial process, including accessing attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NSDCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). In addition, "[b]ecause

---

[1] The court acknowledges that a hearing would be needed to afford any of the relief requested in the instant motion pursuant to 28 U.S.C. § 2202. Thus, analysis as to the amount of monetary damages and attorneys' fees stated is not addressed herein.

James C. Mahan
U.S. District Judge

- 3 -

of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

An award of attorneys' fees pursuant to the court's inherent power is appropriate when plaintiff has acted in bad faith, has willfully abused the judicial process or has willfully disobeyed a court order. *See Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001). These sanctions are further "permissible when an attorney has acted recklessly if there is something more–such as an improper purpose." *Id.* at 993; *see, e.g., Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("a finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent'") (citation omitted).

"A finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertions of a colorable claim will not bar the assessment of attorney's fees.'" *Fink*, 239 F.3d at 992 (quoting *Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam)).

### 2. Analysis

Plaintiff argues that defendants' actions were vexatious and have forced plaintiff to expend significant resources vindicating its rights. Plaintiff contends that this instant action arises from defendants' hostility toward non-domiciled RRGs and its erroneous interpretation and application of the LRRA and Nevada's statutory scheme relative to oversight and regulation of RRGs.

Plaintiff also argues that defendants' arguments in the underlying litigation were not meritorious and ignored controlling law set forth in *Nat'l Warranty Ins. Co. RRG v. Greenfield*, 214 F.3d 1074 (9th Cir. 2000), *cert. denied* 121 S. Ct. 844 (2001). Plaintiff specifically characterizes defendants' arguments as follows: (1) that the state of Nevada was not bound by the commissioner's cease and desist order that limited RRGs' ability to write lines of insurance in Nevada; and (2) that a provision of the LRRA gave the commissioner authority to preclude plaintiff from issuing first dollar automobile liability in Nevada. Plaintiff contends that defendants' vexatious nature is

demonstrated by the futility of their defense as these arguments were summarily dismissed by the Ninth Circuit.

Defendants retort that they were in fact successful on appeal as to the attorneys' fees award under § 1988 and that the novelty of this issue counters any allegation of frivolousness or bad faith of the appeal. Further, defendants contend that their preemption argument was broader than just the commissioner's order, and extended to Nevada's insurance statutory scheme to counter plaintiff's allegations. Defendants also point to factual differences between *Nat'l Warranty Ins. Co.* and the instant matter identified by the Ninth Circuit, *see Alliance of Nonprofits for Ins.*, 712 F.3d at 1323, to establish that there was not clearly controlling law on the exception to LRRA preemption.

Here, the court does not find that defendants acted in bad faith or with a vexatious intent. There is no evidence that the commissioner sought to enforce these laws or defend this litigation based on frivolous arguments or in an effort to harass plaintiff.[2] Further, sanctions in the form of attorneys' fees are not outcome dependant. The fact that plaintiff expended significant resources to vindicate itself does not establish bad faith on part of defendants which would warrant an award of attorneys' fees under this court's inherent power.

Accordingly, this request under 28 U.S.C. § 2202 is DENIED.

**B.   Damages**

Plaintiff also requests an award of damages. Plaintiff's damages are comprised of net profit loss, reputation, and salary. Plaintiff represents that it saw an immediate and noticeable decline in its membership when its members could not register their vehicles because plaintiff was not *authorized* to do business in Nevada and their members were forced to obtain alternative insurance coverage between March 2010, and July 2011. Even after plaintiff prevailed on the merits of its case in July 2011, plaintiff contends that the previous negative publicity branded plaintiff as an inadequate insurance company. Plaintiff argues that these losses were a direct result of defendants' actions.

---

[2] Plaintiff argues that the commissioner failed to utilize the only recourse available to him under the LRRA and instead unilaterally decided to preclude plaintiff from selling insurance in Nevada; the court does not find, without more, that this conduct establishes bad faith on behalf of defendants.

James C. Mahan
U.S. District Judge

- 5 -

1   The grant of power pursuant to 28 U.S.C. § 2202 "is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding." *Security Ins. Co. v. White*, 236 F.2d 215, 220 (10th Cir. 1957). While it is "well settled that 'further relief' may include an award for damages," *Beacon Const. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 400–01 (2d Cir. 1975) (citation omitted), it is not the primary function of a district court in a declaratory judgment proceeding.

The court reads this grant of power narrowly. That is, the court is inclined to award damages in an equitable action, such as this one, only where it is "necessary or proper to effectuate relief." *Security Ins. Co.*, 236 F.2d at 220. Here, plaintiff has likely sustained monetary losses due to defendants' actions. However, the court does not find that awarding damages to compensate plaintiff for these losses to be "necessary" to effectuate the relief rendered in this court's July 22, 2011, order.

Further, in its complaint, plaintiff did not seek damages–instead requesting a declaratory judgment and an award of costs and attorneys' fees associated with this action. While the court is not blind to the damages plaintiff represents it incurred as a result of defendants' conduct, the court simply does not find that awarding damages under 28 U.S.C. § 2202 as necessary to effectuate the relief this court has already accorded.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Alliance of Nonprofits for Insurance, Risk Retention Group's motion for necessary and proper relief pursuant to 28 U.S.C. § 2202 (doc. # 90) be, and the same hereby is, DENIED.

DATED June 24, 2013.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**